UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11672-RWZ

In re VICENTE PEREZ ACEVEDO

ORDER

January 11, 2019

ZOBEL, S.D.J.

On July 25, 2018, this court dismissed for lack of jurisdiction Vicente Perez Acevedo's appeal of an order of the United States Bankruptcy Court for the District of Massachusetts. In re Acevedo, 16-11736-RWZ, 2018 WL 3616843, at *1 (D. Mass. July 25, 2018). In spite of that ruling, and without arguing any change in law or circumstances (or even acknowledging the July 25 decision in his brief), Acevedo now appeals the very same bankruptcy court order. For identical reasons articulated in this court's July 25 decision, the present appeal fails and is therefore dismissed. See id. (determining that bankruptcy court order was interlocutory and finding no exceptions permitting exercise of jurisdiction over appeal).

One further matter requires attention. After reviewing this case's recent history, counsel for Acevedo's conduct in this litigation raises serious concerns under Fed. R. Civ. P. 11. A short review illustrates the problems.

On September 15, 2017, this court decided an appeal in Acevedo's bankruptcy case and remanded the matter with an order that the bankruptcy judge hold an evidentiary hearing in the attendant adversary proceeding. In re Acevedo, 577 B.R.

429 (D. Mass. 2017). On remand, the bankruptcy court issued an order scheduling the mandated hearing but dismissing certain counts. Acevedo disagreed with the ruling and sought redress in this court. On June 12, 2018, he filed an "Emergency Motion to Compel the Enforcement of Mandate," arguing that the bankruptcy court's dismissal of the counts contravened this court's September 15, 2017 order. Separately, on June 20, 2018, Acevedo filed a notice of appeal from the bankruptcy court's order.[1]

On July 25, 2018, this court ruled on Acevedo's "emergency motion." See In re Acevedo, No. 16-11736-RWZ, 2018 WL 3616843, at *1 (D. Mass. July 25, 2018). Notwithstanding the motion's styling, the court recognized it as an appeal and dismissed it for lack of jurisdiction because the challenged bankruptcy court order was interlocutory, not final. Acevedo did not seek reconsideration or further review of the July 25 decision.

That ought to have resolved the matter. However, initially unbeknownst to this judge, Acevedo continued to pursue the appeal he had filed on June 20, 2018.[2] Acevedo's brief in support of the appeal, filed October 21, 2018 (months after this court's ruling), makes the same arguments Acevedo had advanced in his "emergency motion." Moreover, the brief never mentions this court's July 25, 2018 order that denied the relief he sought and determined that the district court lacked jurisdiction to hear an appeal.

By operation of Fed. R. Civ. P. 11(b), an attorney presenting a motion or other

---

[1] The notice of appeal created a new case in the district court and the matter was assigned to USDJ Hillman. See Docket # 3.

[2] On January 10, 2019, the appeal was reassigned to this session. See Docket # 10.

paper to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," inter alia, the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law ...." In view of the events recited above and the strictures of Rule 11, counsel for Acevedo shall show cause why a Rule 11(b) violation should not be found. See Fed. R. Civ. P. 11(c)(3).

Wherefore, it is ORDERED,

1. The appeal is dismissed for lack of jurisdiction.

2. Counsel for Acevedo shall, within fourteen days from the date of this order, show cause why the conduct described herein has not violated Fed. R. Civ. P. 11(b).

   January 11, 2019                                      /s/Rya W. Zobel

        DATE                                                RYA W. ZOBEL
                                                        SENIOR UNITED STATES DISTRICT JUDGE